IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **ROBERT SMITH,** Individually, and on behalf of all other similarly situated current and former employees, Plaintiff, v. **WDE GROUP, Inc.,** a Tennessee Corporation, **JAMISON KUHN ENTERPRISES, Inc.,** a Ohio Corporation and, **JAMISON M. KUHN,** Individually, Defendants. | No. _____ **JURY DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Robert Smith, individually, and on behalf of himself and all others similarly situated, hereby files his Collective Action Complaint against WDE Group, Inc., a Tennessee Corporation, Jamison Kuhn Enterprises, Inc., an Ohio Corporation and Jamison Kuhn, individually, and alleges as follows:

**I.   INTRODUCTION**

1. Plaintiff Robert Smith ("Plaintiff") was an employee of WDE Group, Inc., ("WDE") at all times relevant to this Complaint.

2. This lawsuit is brought against WDE Group, Inc., Jamison Kuhn Enterprises, Inc. and Jamison M. Kuhn, individually,(collectively "Defendants") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover

1

unpaid straight time, minimum wage and overtime compensation for Plaintiff and other similarly situated employees who are members of a class as defined herein and currently or previously were employed as delivery drivers by WDE and Jamison Kuhn Enterprises, Inc. and, also for claims under state laws.

3. At all times material to this Complaint, Plaintiff and others similarly situated performed non-exempt delivery driver job duties on behalf of Defendants.

4. Plaintiff was employed by WDE during all times relevant to this action. Others similarly situated have been employed by WDE and/or Jamison Kuhn Enterprises, Inc. at all times relevant herein

5. Based on the information preliminarily available, and subject to discovery in this cause, WDE and Jamison Kuhn Enterprises, Inc. did not compensate Plaintiff and those similarly situated for all straight time, minimum wage and overtime hours worked in excess of forty (40) per week during weekly pay periods relevant to this action.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C.§ 1367.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this district, performed job duties as an employee of WDE in this district, WDE's principal address and corporate headquarters are located in this district,

WDE regularly conducts business in this district, WDE's wage and hour plans, policies and practices were established and, have been administered in this district. WDE has violated and continues to violate the FLSA from its corporate headquarters located in this district, at all times relevant to this Complaint. Defendant Jamison M. Kuhn, as President of WDE during times relevant to this Complaint, has been responsible for establishing and administering WDE's common payroll and compensation plans, policies and practices in this district.

### III. CLASS DESCRIPTION

Plaintiff brings this action on behalf of the following similarly situated persons:

All current and former delivery drivers employed by WDE Group, Inc. and Jamison Kuhn Enterprises, Inc. who have performed job duties at any of their operating locations (facilities) in the United States at any time during the applicable limitation's period covered by this Complaint *(i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

### IV. PARTIES

9. Defendant WDE Group, Inc. is a Tennessee Corporation with its principal office and address located at 1053 WYE Dr., Seymour, Tennessee. According to the Tennessee Secretary of State, WDE Group, Inc. may be served through its registered agent for service of process: Jamison M. Kuhn, 1053 WYE Dr. Seymour, Tennessee, 37865-6505.

10. Defendant Jamison Kuhn Enterprises, Inc. is an Ohio Corporation with its principal office and address located at 3163 Roesch Blvd. #12, Fairfield, Ohio. According to the Ohio Secretary of State, Jamison Kuhn Enterprises, Inc. may be served through its registered agent for service of process: Jamison Kuhn, 3163 Roesch Drive #12, Fairfield, Ohio 45014.

11. Defendant Jamison M. Kuhn has been the President of WDE Group, Inc. and the President and CEO of Jamison Kuhn Enterprises, Inc. at all times relevant to this action. Jamison M. Kuhn may be served for purpose of process at 1053 WYE Drive, Seymour, Tennessee.

12. Defendants constitute an integrated enterprise because their related activities (i.e. owning and operating delivery vehicles to deliver Federal Express packages and parcels) and performing a unified operation and, under common control, by person or persons (Jamison M. Kuhn) for a common business purpose as that term is defined the FLSA, 29 U.S.C. §203(r).

13. Plaintiff Robert Smith is an adult citizen of the United States and was employed as a delivery driver of WDE in this district during all times relevant to this action. (Plaintiff Smith's "Consent to Join" this lawsuit is attached as Exhibit A).

## V. ALLEGATIONS

14. Defendant WDE Group, Inc. is in the business of delivering packages and parcels for Federal Express in the Knoxville, Tennessee area, under the control and direction of its President, Jamison M. Kuhn.

15. Defendant Jamison Kuhn Enterprises, Inc. is in the business of delivering packages

4

and parcels for Federal Express in some 27 municipal areas in Ohio, Pennsylvania, New York, Michigan and Indiana, under the control and direction of its President and CEO, Jamison M. Kuhn.

16. The principal stockholder of both WDE Group, Inc. and Jamison Kuhn Enterprises, Inc. is Jamison M. Kuhn.

17. The primary function of both WDE Group, Inc. and Jamison Kuhn Enterprises, Inc. is to provide delivery services for Federal Express.

18. Defendants are and/or have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

19. Plaintiff and those similarly situated are and/or have been delivery drivers of Defendants during all times relevant to this action.

20. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime compensation rates of pay under the control and direction of Jamison M. Kuhn, during all times relevant to this action.

21. Defendants have maintained a common plan, policy and practice of establishing and administering pay practices for Plaintiff and other similarly situated delivery drivers at all times relevant herein.

22. Defendants' common payroll and compensation plans, policies, and practices relating to Plaintiff and other similarly situated delivery drivers have been established, implemented and administered by and through Jamison M. Kuhn, as the respective President of WDE Group, Inc. and President and CEO of Jamison Kuhn Enterprises, Inc. and, on his behalf, individually.

23. At all times relevant to this action, Plaintiffs and those similarly situated are and/or have been "employees" of Defendants, as defined by Section 203(e)(l) of the Fair Labor Standards Act and, were employed by Defendants within the territory of the United States of America within three (3) years preceding the filing of this lawsuit.

24. At all times material to this action, WDE Group, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.

25. At all times material to this action, Jamison Kuhn Enterprises, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.

26. Defendants have been subject to the pay requirements of the Fair Labor Standards Act within weekly pay periods during the relevant statutory limitations' period.

27. Plaintiff and other class members' primary duties are and, have been, to deliver Federal Express packages and parcels to businesses and individuals within designated territories.

28. Defendants have had a centralized common plan, policy and practice of only paying Plaintiff and those similarly situated at a "day-rate" of pay for all hours worked within weekly pay periods during the relevant statutory limitations' period, without compensating them at one and one-half times their regular rate of pay – as determined by the FLSA – for all hours worked in excess of forty (40) per week within such weekly pay periods.

29. Plaintiff and those similarly situated are non-exempt employees (from overtime

compensation) under the FLSA and, therefore, entitled to compensation of one and one- half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times relevant to this action.

30. Plaintiff and those similarly situated have performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times relevant herein, without being compensated for such overtime hours at one and one-half times their regular hourly rate of pay for all such overtime hours.

31. Defendants have not paid Plaintiff and those similarly situated at one and one-half times their hourly rate of pay for all hours they have worked in excess of forty hours per week within weekly pay periods during all times relevant to this action, as required by the Fair Labor Standards Act and, Plaintiffs and those similarly situated therefore are entitled to recover such unpaid overtime compensation from Defendants.

32. Defendants have failed to record Plaintiff and other class members' work hours, including hours worked in excess of forty (40) per week, as required by the Fair Labor Standards Act and, thereby have violated the recordkeeping requirements of the FLSA.

33. Defendants are unable to bear its burden of demonstrating that Plaintiff and other class members fall within any of the FLSA overtime exemptions.

34. The net effect of Defendants' plan, policy and practice of failing to record and pay Plaintiff and other class members overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods during all relevant times, was a scheme to save payroll costs and payroll taxes for which they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and other class

7

members.

35. Although at this stage Plaintiff is unable to state the exact amount owed to him and other class members, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records of its non-exempt employees, such employees may establish the hours they worked, including overtime hours, solely by their testimony and the burden of proof of overcoming any such testimony shifts to the employer.

## V. COLLECTIVE ACTION ALLEGATIONS

36. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

37. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

38. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

39. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are more than 300 individuals in the class.

40. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendants and were subject to the same operational, compensation and pay plans, policies and practices, including the failure of Defendants to pay Plaintiff and others similarly situated employees

overtime compensation under the FLSA for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

41. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were exempt from the FLSA overtime requirements during times relevant to this action;

- Whether Defendants required Plaintiff and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours.

- Whether Defendants failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action.

- The correct statutes of limitations for Plaintiff s claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

42. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who are experienced in collective action litigation.

43. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are

relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

44. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendants.

## COUNT I

## RECOVERY OF OVERTIME COMPENSATION

45. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

46. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Complaint.

47. At all relevant times, Defendants employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

48. At all times relevant, Defendants have had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

49. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

50. At all times relevant, Defendants did not have a good faith basis for their failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

51. As a result of Defendants' willful failure to pay Plaintiff and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

52. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Due to Defendant's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiff and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. *§* 216(b).

## COUNT II

## ADDITIONAL CAUSES OF ACTION

54. The allegations set forth in the preceding paragraphs are incorporated herein and a jury is hereby demanded.

55. In addition to the causes of action under the FLSA, Plaintiff, on behalf of himself

and others similarly situated bring the following additional causes of action against the Defendants based on the aforementioned set of facts:

A. Quantum Meruit;

B. Unjust Enrichment;

C. Breach of Contract

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the class, demand judgment, jointly and severally, against Defendants, WDE Group. Inc., Jamison Kuhn Enterprises, Inc. and Jamison M. Kuhn, individually, as well as to request this Court to grant the following relief against said Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime and minimum wages to Plaintiff and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiff and other members of the class were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendants have willfully violated the FLSA; and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: April 14, 2017             Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*