# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT SMITH, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:17-cv-143 JRG-DCP |
| ) | |
| WDE GROUP, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION AND MEMORANDUM FOR ORDER APPROVING SETTLEMENT

Plaintiffs, Robert Smith and Glenn Apillanes ("Plaintiffs"), and Defendant WDE Group, Inc. ("Defendant" and collectively the "Parties"), file this Joint Motion for Order Approving Settlement, and would show the Court as follows:

### I. Introduction

In this Fair Labor Standards Act ("FLSA") action, Plaintiffs and Defendant jointly request that the Court enter an order approving the settlement reached between the Parties. The Parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in a separate Settlement Agreement and Release of All Claims (the "Agreement"), whose terms are described herein and a copy of which is attached hereto as Exhibit "1."

Pursuant to the Agreement, the Parties seek approval of the settlement. Although the Sixth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, the Eleventh Circuit has, as explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The *Lynn's Food Stores* analysis has been adopted by district courts within the Sixth Circuit. *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL

2490989 (N.D. Ohio June 15, 2010); *Christopher Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, (S.D. Ohio June 24, 2011). In the "context of suits brought directly by employees against their employer… to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353.

The Parties request that this Court review this settlement under the procedures and standards set forth in *Lynn's Food Stores,* 679 F.2d at 1350. The Parties respectfully submit that the Court will find that the Agreement is fair and should be approved. The Agreement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by competent and experienced counsel, as was Defendant, and the totality of the proposed settlement is fair and reasonable.

## II.     Procedural History

Plaintiff Smith filed this lawsuit in the United States District Court for the Eastern District of Tennessee, Knoxville Division on April 14, 2017, against Defendants, WDE Group, Inc., Jamison Kuhn Enterprises, and Jamison Kuhn, individually, alleging the Defendants violated the FLSA.[1] Plaintiff Apillanes opted in shortly thereafter. Defendant WDE Group, Inc. is in the business of delivering packages and parcels by Federal Express. The Plaintiff Smith was a delivery driver and Plaintiff Apillanes was a salaried office manager. Plaintiffs allege that Defendant violated the FLSA by failing to pay overtime under 29 U.S.C. § 207. Defendant denied violating the FLSA and averred that, except for a brief period of time, Plaintiff Smith drove a motor vehicle with a GVWR of 10,001 pounds or more, and thus was an exempt employee under the Motor Carrier exemption, 29 U.S.C. § 213 (b)(1). Defendant further avers

---

[1] Plaintiffs' claims against Jamison M. Kuhn, individually, and Jamison Kuhn Enterprises, Inc. have been voluntarily dismissed pursuant to F. R. Civ. P. 41 (a)(1)(A)(i) and (ii) respectively. [Doc.25] and [Doc.38].

2

that Plaintiff Apillanes was paid a salary and as its office manager was employed in a bona fide executive and/or administrative position and was thus exempt from the FLSA overtime requirements pursuant to 29 U.S.C. § 213 (a)(1).  Apillanes occasionally drove a motor vehicle that had a GVWR of more than 10,001 pounds, and during those occasions he was employed subject to the Motor Carrier exemption, 29 U.S.C. § 213 (b)(1).  The Parties dispute the extent to which, if any, Plaintiff Smith worked over 40 hours in a week during the period he was a non-exempt driver.  Defendant denied that it violated the FLSA in any way, continues to deny any wrongdoing whatsoever, and does not admit any violation of the law, statute or regulation.  Nevertheless, Plaintiffs and Defendant request this Court to approve the Parties' Settlement Agreement.

## III. The Court Should Approve the Agreement

This Court should approve this Agreement because the settlement was achieved in an adversarial context, Plaintiffs are represented by competent and experienced counsel, and the Agreement reflects a reasonable compromise over disputed factual and legal issues.  Moreover, the settlement provisions are fair and reasonable under all of the facts and circumstances.

A district court, when reviewing a proposed settlement of an FLSA claim, must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Id*. at 1353-1355.  *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve an FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Were Plaintiffs represented by attorneys who can protect their rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

3

*Id*. at 1353-54.

The settlement was negotiated at arm's length for several months by experienced counsel who protected the rights of the Parties. The settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties with respect to liability and the amount of same under the FLSA.

Here, the settlement is fair and reasonable. Under the terms of the Agreement, Plaintiff Smith will receive $4,831.12, half of which is back pay and half of which is liquidated damages. Plaintiff Apillanes will receive $168.88, half of which is back pay and half of which is liquidated damages. Plaintiffs may get nothing if this case proceeded through trial. Even if Plaintiffs were to prevail on the issue of liability, a process likely to consume several more months, their damages may not exceed the amount to which the Parties have agreed to settle at this stage.

As noted above, the settlement is the product of arms-length bargaining conducted by experienced legal counsel. Moreover, the Court should take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition Inc.*, 2008 U.S. Dist. LEXIS 37449 at *14 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)). Here, the settlement amount represents a substantial percentage, if not the full amount, of the overtime and liquidated damages claimed by Plaintiff Smith. Plaintiff Apillanes amount reflect a compromise of a bona fide dispute regarding his principal duties and exempt status.

The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of

4

counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In making the determination to approve a settlement, the court should recognize that "because the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, 2008 U.S. Dist. LEXIS 107441, at *3 (E.D. Mich. Nov. 28, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)). In this case, Plaintiffs' attorney is fully aware of the factual contentions of his clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

By definition, a claim for "off-the-clock" work cannot be proven through payroll records, and the Parties' contentions would have to be established largely through credibility assessments of all fact witnesses, and further analysis of documents to determine whether a potential claim for overtime could be sustained for each workweek, even if the jury found that Plaintiff's allegations were to be believed. Accordingly, the Parties could not reasonably have any level of certainty as to the ultimate probability of success. The applicability of the executive and/or administrative exemption to Plaintiff Apillanes principal duties is also in doubt.

## IV. Additional Factors to Consider in Assessing Reasonableness of Settlement

The Parties have entered into the proposed Agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. This is a matter where continued attorneys' fees and costs on both sides could easily dwarf the actual amount in controversy. Defendants assert that their potential exposure to Plaintiff's claims is minimal. The Parties, with the Court's approval, would now like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA.

5

## V. Conclusion

The Parties believe that the settlement terms reached are a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request the Court to grant the Joint Motion and approve the Agreement which will "secure the just, speedy and inexpensive determination" of this action in accordance with FED. R. CIV. P. 1.

Respectfully submitted this 8th day of November 2018.

| | |
|---|---|
| /s/J. Russ Bryant, Esq. | /s/Edward G. Phillips |
| J. Russ Bryant, Esq. (BPR #33830) | Edward G. Phillips, Esq. (BPR #006147) |
| **JACKSON, SHIELDS, YEISER & HOLT** | Brandon L. Morrow, Esq. (BPR #031242) |
| 262 German Oak Drive | **KRAMER RAYSON LLP** |
| Memphis, Tennessee 38018 | 800 S. Gay Street, Suite 2500 |
| Telephone: (901) 754-8001 | Knoxville, TN 37929 |
| Fax: (901) 759-1745 | Telephone: (865) 525-5134 |
| rbryant@jsyc.com | Fax: (865) 522-5723 |
| | ephillips@kramer-rayson.com |
| | bmorrow@kramer-rayson.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant WDE Group, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of November, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Edward G. Phillips
Edward G. Phillips